RICHARD J. McDONNELL, PLAINTIFF, v. GEORGE DU CLOSS, DEFENDANT.

Argued November 9, 1923—Decided February 19, 1924.

**Judgment—Summary, Motion to Enter—Plaintiff Presents Affidavits Under Rule Supporting Claim—Defendant Presents No Answering Affidavits—Under Rule Plaintiff May Enter Summary Judgment.**

On motion for summary judgment.

Before Justices KALISCH and KATZENBACH.

For the plaintiff, *John D. McMullin.*

For the defendant, *Emerson Richards.*

PER CURIAM.

This case is before us on a motion to enter summary judgment. The action was instituted upon a foreign judgment.

The complaint sets forth in the first paragraph thereof that on October 5th, 1923, the plaintiff entered in the Court of Common Pleas, No. 3, of Philadelphia county, in the State of Pennsylvania, an action in which final judgment was entered against the defendant in favor of the plaintiff for the sum of $16,780, and $1.75 costs.

The second paragraph states that the defendant has not paid said sum or any part thereof.

In the third paragraph the plaintiff demands said sum with interest from July 5th, 1923.

The defendant filed an affidavit of merits and an answer in which he denies the first and third paragraphs of the complaint and admits the second paragraph, and set up that no notice of any kind in the Pennsylvania suit was given to him, and that he was not served with any summons or process out of the Pennsylvania court in which the judgment was entered. The plaintiff now asks upon affidavits that a

summary judgment be entered against the defendant in this case. Accompanying the affidavits is an exemplified copy of the Pennsylvania judgment, showing that it was entered upon a power of attorney given with a promissory note, made by the defendant to the plaintiff. This power of attorney authorized and entering of a judgment in any court of record of Pennsylvania or elsewhere.

The defendant presents no answering affidavits. The situation thus presented is covered by rule 80 of the rules of the Supreme Court, which reads as follows: "When an answer is filed in an action brought to recover a debt or liquidated demand arising (a) upon a contract express or implied, sealed or not sealed; or (b) upon a judgment for a stated sum; or (c) upon a statute; the answer may be struck out and judgment final may be entered upon motion and affidavit as hereinafter provided, unless the defendant by affidavit or other proofs shall show such facts as may be deemed, by the judge hearing the motion, sufficient to entitle him to defend. Rule 57. Practice act, 1912."

The defendant having failed to show, by affidavit or other proofs, facts sufficient to entitle him to defend the plaintiff, is entitled to enter a summary judgment. Such is the order of the court.